# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **INDEPENDENT WRESTLING.TV, LLC,** | : | |
| Plaintiff, | : | |
| v. | : | NO. 21-cv-01139 |
| **GAME CHANGER WRESTLING, LLC,** | : | JUDGE SAPORITO |
| Defendant. | : | ELECTRONICALLY FILED |

## MEMORANDUM OF LAW IN SUPPORT OF GAME CHANGER WRESTLING, LLC'S MOTION TO DISMISS

John B. Dempsey (PA ID 88017)
jdempsey@mbklaw.com
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

R. Zachary Gelber
Samuel Steinbock-Pratt
zgelber@gelbersantillo.com
spratt@gelbersantillo.com
(*pro hac vice pending*)
Gelber & Santillo PLLC
347 West 36th Street, Suite 805
New York, NY 10018
(212) 227-4743

*Attorneys for Game Changer Wrestling, LLC*

## **PRELIMINARY STATEMENT**

Plaintiff Independent Wrestling.TV ("IWTV") alleges that Defendant Game Changer Wrestling, LLC ("Game Changer") breached the terms of a distribution agreement. IWTV brought this suit to recover the profits it claims to have lost as a result of this alleged breach. Assuming for purposes of this motion that the contract on which IWTV relies was not procured under highly problematic circumstances evidencing fraud and duress (and it was), the very distribution agreement upon which Plaintiff relies—one which was drafted by IWTV without any input from Defendant Game Changer—includes a limitation of damage provision that expressly prohibits recovery of lost profits. Because IWTV has failed to allege any other viable theory of damages, its claim for breach of contract must be dismissed.

IWTV's claim for "detrimental reliance" is similarly deficient. IWTV's claim fails because it has not adequately alleged any of the elements—a promise, reliance, injustice, or substantial damages stemming therefrom. In any case, a party cannot evade the application of a clear contractual limitation on damages—especially here where that was drafted without the input of the defendant counterparty—simply by restyling its breach of contract claim. The promise on which Plaintiff relies is one purportedly made in the contract itself, and subject to all of the same restrictions. What's more, IWTV failed to plead (as it must) that it actually relied to its detriment on any purported promise. For these reasons, the claim for detrimental reliance must

1

also be dismissed.

## FACTUAL ALLEGATIONS

Game Changer produces live independent wrestling events. Compl. ¶ 5, Ex. A to Notice of Removal, ECF No. 1-1. On March 19, 2020, IWTV and Game Changer entered into an agreement (the "Distribution Agreement") whereby Game Changer's events that were made available to IWTV would be livestreamed on IWTV's subscription service or available on a pay-per-view basis. *Id.* ¶ 6.[1] Under the contract as drafted, IWTV took an "exclusive license . . . to produce and distribute the Pay per View Events and the Programs," and a "right of first refusal on all Pay per View programs offered by" Game Changer. Dist. Agreement §§ 2(a), 4(d). The contract further states that Game Changer will provide an average of one livestream program per month, with any monthly obligations not fulfilled rolled over. *Id.* § 4(c).

The contract as written also requires the parties to "protect and keep the other Party's Confidential Information in strict confidence." *Id.* § 8(b). "Confidential Information" was defined to mean "any and all information that is disclosed by or

---

[1] For the purposes of this motion, all adequately pleaded facts in the Complaint are assumed to be true. However, Game Changer reserves the right to dispute the accuracy of specific allegations in the Complaint, and in particular contends that the Distribution Agreement was procured by fraud in the execution, and duress, on the part of IWTV. Further, even if the contract were not procured through fraud (and it was), many of its terms are ambiguous at best. Game Changer's right to contest the meaning of these provisions is also reserved.

2

on behalf of one Party to the other Party and is designated as confidential or proprietary by the disclosing Party at the time of disclosure or otherwise would reasonably be understood by the receiving Party under the circumstances to be confidential or proprietary." *Id.* § 8(a). "'Confidential Information' does not include information that is . . . rightfully known by the receiving party at the time of the disclosure without an obligation of confidentiality." *Id.* There is no allegation that the contract itself was ever designated as confidential, nor that it could have been.

Finally, the Distribution Agreement contained a limitation of damages clause (rendered in all caps, presumably for emphasis). That clause provides that:

> EXCEPT WITH RESPECT TO EACH PARTY'S INDEMNIFICATION OBLIGATIONS PURSUANT TO SECTION 11 OR A BREACH OF CONFIDENTIALITY OBLIGATIONS PURSUANT TO SECTION 8, NEITHER PARTY SHALL BE LIABLE TO THE OTHER FOR ANY INDIRECT, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES, INCLUDING LOSS OF PROFITS, REVENUE, DATA OR USE INCURRED BY ANY PARTY, EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

*Id.* § 11(c).

On December 1, 2020, Game Changer notified IWTV that it intended to use an alternative platform to livestream certain upcoming pay-per-view events. Compl. ¶ 10. On June 3, 2021, IWTV filed this suit in the Luzerne County Court of Common Pleas, alleging that Game Changer had breached the Distribution Agreement by 1) failing to provide the required monthly allotment of livestreams, 2) utilizing an

alternative production company for its livestreams, and 3) revealing the terms of the Distribution Agreement to other promoters. Compl. ¶¶ 17–18, 21. The Complaint also includes a claim for "detrimental reliance" that is materially identical to the breach claim. Compl. ¶¶ 25–30. The Complaint claims damages to be "in excess of $500,000," depending on the "revenue generated by [Game Changer's] live stream events," though it is unclear why that would be a relevant measure of Plaintiff's damages. *Id.* ¶ 24.

Game Changer removed the case to this Court on June 25, 2021 based on diversity jurisdiction. *See* ECF No. 1. IWTV has not challenged removal.

## **QUESTION PRESENTED**

Question: Does the Complaint of IWTV fail to state any claim upon which relief can be granted?

Answer: Yes.

## **ARGUMENT**

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual allegations so as to state a facially plausible claim for relief." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). IWTV is not entitled to damages for lost profits—the only form of relief it seeks—because the very contract on which it relies expressly precludes a finding of liability against either party for such damages. Accordingly, this Court should dismiss the Complaint.

**I.     Count I Must Be Dismissed Because It Fails To Allege Recoverable Damages, an Essential Element of a Claim for Breach of Contract**

**A. The Complaint Only Alleges Injury in the Form of Lost Profits, Recovery of Which is Expressly Barred by the Distribution Agreement.**

"In Pennsylvania, a claim for breach of contract requires '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages.'" *In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 533 (M.D. Pa. 2021) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). Here, the only damages alleged to have resulted from Game Changer's purported breach are the purported loss of profits that would have accrued to IWTV from third parties had Game Changer streamed its events on IWTV's platform. *See* Compl. ¶ 24.

But Game Changer is not liable for IWTV's alleged lost profits. The Distribution Agreement, drafted exclusively by Plaintiff IWTV, could scarcely be more explicit about this: "Neither party shall be liable to the other for any indirect, special, consequential or punitive damages, ***including loss of profits, revenue***, data or use incurred by any party, even if such party has been advised of the possibility of such damages." Dist. Agreement § 11(c) (emphasis added). So IWTV cannot recover damages based on its lost profits. And because the Complaint does not allege any other form of injury suffered by IWTV, that leaves it without the crucial element of damages.

It is well established that a claim for breach of contract must fail if the only damages sought are lost profits that are barred by a contractual limitation of damages. *See, e.g.*, *Vasilis v. Bell of Pennsylvania*, 409 Pa. Super. 396, 400, 598 A.2d 52, 54 (1991) (affirming grant of judgment on the pleadings in breach of contract action based on limitation of damages provision); *Clark Res., Inc. v. Verizon Bus. Network Servs., Inc.*, No. 1:10-CV-1119, 2012 WL 1339697, at *5 (M.D. Pa. Apr. 18, 2012) (granting summary judgment on breach of contract claim where plaintiff sought only lost profits that were barred by contract)[2]; *Fish Net, Inc. v. ProfitCenter Software, Inc.*, No. CIV.A. 09-5466, 2013 WL 5635992, at *9–11 (E.D. Pa. Oct. 15, 2013) (similar); *Argo Welded Prod., Inc. v. J. T. Ryerson Steel & Sons, Inc.*, 528 F. Supp. 583, 593 (E.D. Pa. 1981) (similar). IWTV cannot simultaneously rely on the Distribution Agreement to supply its cause of action and ignore the limitation on damages imposed by that contract.

Furthermore, even if Plaintiff were not contractually barred by the contract it unilaterally drafted from seeking lost profits, IWTV has not clearly pleaded that it has even lost profits as a result of Game Changer's alleged breach. *See Zemenco, Inc. v. Devs. Diversified Realty Corp.*, No. CIV.A. 03-175, 2005 WL 2545303, at *7 (W.D. Pa. Oct. 7, 2005), *aff'd*, 205 F. App'x 82 (3d Cir. 2006) ("Under Pennsylvania

---

[2] Pursuant to Middle District Local Rule 7.8(a), copies of the unpublished opinions cited herein are reproduced in the attached Appendix.

law, a plaintiff asserting a claim of breach of contract or fraud is required to demonstrate that the damages suffered were proximately caused by the defendant."). Nor has Plaintiff alleged the loss with adequate specificity so as to lend plausibility to its claim. *See Moses Taylor Found. v. Coverys*, No. 3:20-CV-00990, 2021 WL 1017371, at *3 (M.D. Pa. Mar. 17, 2021) ("A plaintiff must plead damages which can be calculated to a reasonable certainty" and are not "too speculative, vague, or contingent." (internal quotation marks omitted)).

Accordingly, IWTV's claim for breach of contract should be dismissed.

### B. IWTV Cannot Salvage its Claim for Lost Profits by Way of a Clearly Meritless Allegation that the Confidentiality Provision was Breached.

Apparently recognizing that the limitation on damages would prevent recovery for lost profits, IWTV has conclusorily asserted that Game Changer "breached section 8 of the Distribution Agreement by revealing and publicizing the terms of the Distribution Agreement to other promoters." Compl. ¶ 21. As noted above, the bar on recovery of lost profits does not apply to a claim that either party has breached its contractual confidentiality obligations. But this transparent attempt to perform an end-run around the damages' limitation clause fails for three separate reasons.

*First*, "[c]onclusory allegations" with no factual support to show their plausibility "are insufficient to survive a motion to dismiss." *Lemar v. American Trading Corp.*, 643 F. App'x 79, 82 (3rd Cir. 2016). Plaintiff claims that Game

7

Changer breached the "Distribution Agreement by revealing and publicizing the terms of the Distribution Agreement to other promoters." *See* Compl. ¶ 21. That is the entirety of Plaintiff's allegation of this breach. Plaintiff does not include a single fact to support this naked assertion. Where, as here, Plaintiff pleads no facts "to move these claims 'across the line from conceivable to plausible,'" the allegations are not sufficient to survive a motion to dismiss. *Golod v. Bank of America Corp.*, 403 F. App'x 699, 703 (3rd Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).

*Secondly*, even if Game Changer *had* breached its confidentiality obligations, IWTV has still failed to plead damages flowing from that breach. Again, the Complaint *only* claims damages in the form of lost profits, but nowhere does the Complaint even attempt to allege how Game Changer's disclosure of certain contractual terms had somehow caused IWTV to lose profits. And without such a causal connection between breach and damages, IWTV's claim fails. *See Zemenco, Inc.*, 2005 WL 2545303, at *7.

*Finally*, IWTV's allegation that Game Changer breached its confidentiality obligations is contradicted by the plain language of the contract. "Confidential Information" is defined by the contract to include only "information that is disclosed by or on behalf of one Party to the other Party." Dist. Agreement § 8(a). IWTV

claims that this provision was violated because Game Changer revealed the terms of the contract itself. This is obviously incorrect for a few independent reasons.

The terms of the Distribution Agreement cannot constitute confidential information because those terms were not "disclosed by or on behalf of" IWTV to Game Changer. Plainly, IWTV could not have "disclosed" to Game Changer terms which Game Changer supposedly participated in negotiating. In fact, "'Confidential Information' does not include information that . . . is rightfully known by the receiving Party at the time of disclosure without an obligation of confidentiality." *Id.* § 8(a). Of course, even if this allegation that Game Changer violated the confidentiality provision of the agreement were true (and it is not), Game Changer had every right to utilize the Distribution Agreement, which by its terms is not confidential.

Further, the confidentiality provision requires each party to "keep *the other Party's* Confidential Information" safe. *Id.* § 8(b) (emphasis added). But the terms of a contract do not belong to one party or the other. This confidentiality provision is clearly intended to protect information belonging to a single party that is disclosed to the other party for purposes of negotiation. It does not apply to a mutually executed agreement.

The confidentiality provision therefore simply does not bar disclosure of the terms of the Distribution Agreement itself. Any contrary interpretation, in addition

9

to contradicting the plain language of the agreement, would lead to absurd results. For example, the contract provides that "[t]he receiving Party shall return or delete all Confidential Information of the disclosing Party promptly upon request of the disclosing Party." *Id.* § 8(b). Under IWTV's interpretation, the terms of a contract to which Game Changer is a party somehow constitute "confidential information" owned by IWTV, which would mean that IWTV could require that Game Changer "return or delete" the contract itself. Obviously, this cannot be right, because the contract does not treat its own terms as "confidential information" belonging to one party or the other. This alone is enough to doom IWTV's attempt—recognizing the limitation on damages contained in the Distribution Agreement—to backdoor lost profits in through the confidentiality provision.

## II. Count II Must Be Dismissed Because It Is Entirely Duplicative Of The Breach Of Contract Claim And Thus Fails For The Same Reasons

### A. IWTV Fails to Adequately Plead any of the Elements of a Detrimental Reliance Claim.

Plaintiff's claim for detrimental reliance—another name for promissory estoppel, *see Matarazzo v. Millers Mut. Grp., Inc.*, 927 A.2d 689, 692 (Pa. Commw. Ct. 2007), *as amended* (Sept. 17, 2007)—fails because Plaintiff fails to plausibly plead any of the requisite elements. "In order to maintain an action in promissory estoppel, the aggrieved party must show that 1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the

promisee; 2) the promisee *actually took action or refrained from taking action in reliance on the promise*; and 3) injustice can be avoided only by enforcing the promise." *Crouse v. Cyclops Indus.*, 560 Pa. 394, 403, 745 A.2d 606, 610 (2000) (emphasis added). Relief is not available unless "the promisee relies on the promise and therefore changes his position to his own detriment." *Id.* at 402; *see also Horrell v. ABB Enterprise Software*, No. 1:20-cv-01454, 2021 WL 2645905, at *8 (M.D. Pa. June 28, 2021) (plaintiff's claim fails where it fails to plausibly plead an action that it took or refrained from taking in detrimental reliance on an alleged promise). Plaintiff's detrimental reliance claim is deficient in every respect.

First, the promise alleged by Plaintiff is merely a restatement of the contract terms. *See* Compl. ¶ 26. Such conclusory recitals of the elements of a claim, with no independent factual basis to demonstrate that they are plausible, are insufficient to survive a motion to dismiss. *See United Nat. Ins. Co. v. Indian Harbor Ins. Co.*, Civ. No. 14–6425, 2015 WL 437630, at *9 (E.D. Pa. Feb. 2, 2016).

Second, the Complaint utterly fails to plead that IWTV actually took action (or refrained from taking action) in reliance on Game Changer's purported promise (much less that any such reliance was reasonable). *See Elliott v. EQT Corp.*, No. 2:16-CV-00145, 2019 WL 6329664, at *16 (W.D. Pa. Nov. 26, 2019) (promise must "induce action" by the party claiming estoppel). The Complaint does not indicate that IWTV did anything whatsoever in reliance on any promise. Nor does the

Complaint allege that IWTV has been put in a worse position as a result of the promise. Instead, the Complaint merely states that IWTV has been deprived of the live streams it was promised. *See* Compl. ¶ 30. But a promisor's failure to follow through on an unenforceable promise—even assuming the veracity of the allegation solely for purposes of this Motion to Dismiss—does not provide a basis for promissory estoppel, absent detrimental reliance. *See Crouse*, 560 Pa. at 403.

Finally, Plaintiff makes no allegation showing that an award of damages is necessary to avoid injustice. To the contrary, given the duress under which the "promise" was made, and IWTV's inclusion of an express provision that prohibits recovery of lost profits in the Distribution Agreement, enforcing the purported "promise" would be unjust. Given that this is a required element of its claim, this pleading failure is likewise fatal to Plaintiff's claim.

It is axiomatic that a claim for detrimental reliance fails where there is neither reliance nor detriment, much less injustice. Because IWTV has pleaded none of the elements of its detrimental reliance claim—beyond its empty barebones recitals of certain elements—this claim must be dismissed.

### B. IWTV Cannot Evade the Bar on Recovery of Lost Profits by Styling its Claim as One for "Detrimental Reliance."

If the Court dismisses Plaintiff's breach of contract claim (and it should), and permits IWTV's detrimental reliance to be pled in the alternative, the limitation of damages would still apply to Plaintiff's detrimental reliance claim because IWTV

has not pled any form of injury other than lost profits, which are not recoverable by that same agreement.

As noted above, the only purported "promise" on which Plaintiff claims to have relied is the Distribution Agreement itself. That same contract expressly precludes recovery for lost profits. "When an express contract exists . . . the parties' recovery is limited to the measures provided in the contract." *Isobunkers, L.L.C. v. Easton Coach Co.*, No. CIV.A. 09-879, 2010 WL 547518, at *4 (E.D. Pa. Feb. 9, 2010). IWTV may not evade the contractual limitation on damages simply by relabeling its breach of contract claim as "detrimental reliance."

Even if the contract were not in force, the result would be the same. Again, the only "promise" from Game Changer on which IWTV claims to have relied is that Game Changer would abide by the terms of the contract. But the contract includes an express limitation on damages—so IWTV cannot have reasonably expected that it would be able to recover lost profits. And under such circumstances, an award based on IWTV's lost profits—the only relief sought by this suit—is not necessary to avoid injustice. *See Crouse v. Cyclops Indus.*, 560 Pa. 394, 403, 745 A.2d 606, 610 (2000). To the contrary, awarding lost profits would work an injustice by contravening the express terms of the Distribution Agreement.

Because IWTV has no valid claim for damages, whether on a theory of breach of contract or a theory of detrimental reliance, its claims must be dismissed.

### C. IWTV's Detrimental Reliance Claim Fails as Entirely Duplicative of its Contract Claim.

The Complaint's second count asserts that IWTV detrimentally relied upon promises made by Game Changer. "Detrimental reliance is another name for promissory estoppel," *Matarazzo v. Millers Mut. Grp., Inc.*, 927 A.2d 689, 692 (Pa. Commw. Ct. 2007), *as amended* (Sept. 17, 2007), a doctrine that applies "[w]here there is no enforceable agreement between the parties because the agreement is not supported by consideration," *Crouse*, 560 Pa. at 402. In other words, "[p]romissory estoppel is reserved for situations 'where the formal requirements of contract formation' have failed." *Isobunkers*, 2010 WL 547518, at *4 (quoting *Carlson v. Arnot–Ogden Mem'l. Hosp.*, 918 F.2d 411, 416 (3d Cir.1990)).

The only promise alleged here, however, is that Game Changer would fulfill its "exclusivity obligations" under the Distribution Agreement. *See* Compl. ¶ 26. This claim is therefore entirely duplicative of the claim for breach of contract. Where, as here, a detrimental reliance claim is entirely duplicative of a contract claim, it is insufficient to state a claim. *See Wilson v. Bank of America, N.A.*, 48 F.Supp.3d 787, 814 (E.D. Pa. 2014); *see also W. Chester Univ. Found. v. MetLife Ins. Co. of Connecticut*, 259 F. Supp. 3d 211, 222 (E.D. Pa. 2017) (dismissing claim for promissory estoppel because "in Pennsylvania, promissory estoppel claim[s] can only exist in the absence of a contract"); *Lobar, Inc. v. Lycoming Masonry, Inc.*, 2005 PA Super 201, ¶ 12, 876 A.2d 997, 1001 (2005) (holding that action for

promissory estoppel cannot be maintained where "Defendant's liability to Plaintiff can be established by contract law").

While it is true that alternative pleading is permissible, to the extent that the Court allows Plaintiff's contract claim to proceed (and it should not), the claim for detrimental reliance should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

Respectfully submitted,

/s/ John B. Dempsey
John B. Dempsey (PA ID 88017)
jdempsey@mbklaw.com
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

R. Zachary Gelber
Samuel Steinbock-Pratt
zgelber@gelbersantillo.com
spratt@gelbersantillo.com
(*pro hac vice pending*)
Gelber & Santillo PLLC
347 West 36th Street, Suite 805
New York, NY 10018
(212) 227-4743

*Attorneys for Defendant Game Changer Wrestling, LLC*

Dated: September 13, 2021

# **CERTIFICATE OF SERVICE**

I, John B. Dempsey, hereby certify that a true and correct copy of Game Changer Wrestling, LLC's Memorandum of Law in Support of Motion To Dismiss was served upon the following counsel of record via the Court's ECF system on this 13th day of September 2021:

>Lars H. Anderson, Esquire
>Hourigan, Kluger & Quinn, P.C.
>600 Third Avenue
>Kingston, PA 18704
>landerson@hkqlaw.com

>/s/ John B. Dempsey
>John B. Dempsey