| | | |
|---|---|---|
| INDEPENDENTWRESTLING.TV, LLC | : | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA |
| Plaintiff, | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | |
| GAME CHANGER WRESTLING, LLC | : | |
| | : | No.: 3:21-CV-01139-JFS |
| Defendant, | : | |

## BRIEF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Independentwrestling.TV, LLC, by and through its attorney, Hourigan, Kluger & Quinn, P.C., files the following Memorandum of Law in opposition to Defendant, Game Changer Wrestling, LLC, Motion to Dismiss.

### I.    Procedural History.

On June 3, 2021, Plaintiff filed a complaint in the Luzerne County Court of Common Pleas against the Defendant asserting claims for breach of contract and detrimental reliance.  On June 28, 2021 the Defendant filed a Notice of Removal with this Court.  (Doc. 1).  After several motions for extension of time to Answer the Complaint were granted the Defendant filed a Motion to Dismiss for failure to state a claim.  (Doc. 9), and supporting Brief (Doc. 10).  Plaintiff was granted an extension of time to file a response to the Motion to Dismiss.  (Doc. 12).

2521005.2

## II.    **Statement of Facts.**

The Plaintiff operates a subscription-model livestreaming service focused on independent wrestling that allows subscribers to view live-streamed events as well as archived programs over an internet connection.  The Defendant is an independent wrestling production company that arranges and puts on live independent wrestling events.  The Plaintiff and Defendant entered into a Distribution Agreement dated March 19, 2020 (the "Distribution Agreement), for the purpose of Plaintiff producing and videoing the Defendant's wrestling events so that they may be live streamed on either the Plaintiff's online platform or another online platform, or distributed via the Plaintiff's subscription service.  A true and correct copy of the Distribution Agreement executed by the Parties can be found at Doc. 1 Exhibit A, pg. 13.

Paragraph 2 of the Distribution Agreement grants to the Plaintiff an exclusive license during the term of the contract to produce and distribute the Defendant's Pay-Per-View events and the Defendant's Programs throughout the world.  Id.  The Distribution Agreement defines Pay-Per-View events as specific programs, either live streamed or archived which a viewer can purchase to view either once or a specified number of times via private stream or broadcast, and not included in Plaintiff's subscription service.  Id.  The Distribution Agreement defines Programs as audiovisual content (including any related metadata, identifying information or

other supplemental information) that Provider (Defendant) makes available to Distributor (Plaintiff) pursuant to the Agreement. Id.  Programs include Archived Content as well as Live Streamed Events.  Id.  Plaintiff operates a subscription model to provide Programs to its subscribers.  The subscription service does not include Pay per View Events.

On December 1, 2020, Defendant notified Plaintiff of Defendant's intent to breach the Distribution Agreement by producing and live streaming Defendant's Pay-Per-View events through an alternate platform.  (Doc. 1 Exhibit A pg. 27). Defendant proceeded to have Pay-Per-View events on December 5, 2020, December 31, 2020 and January 1, 2021 in violation of the Distribution Agreement with Plaintiff.  Since the filing of the current lawsuit the Defendant has continued to produce and live stream Pay-Per-View events in violation of the Distribution Agreement with Plaintiff.

On December 7, 2020, counsel for the Plaintiff notified Defendant that its actions of utilizing a different production company and distribution system for the events on December 5, 2020, December 31, 2020 and January 1, 2021 were a violation of the signed Distribution Agreement between the parties.  (Doc. 1 Exhibit A pg. 29). Nevertheless, Defendant continued to conduct live stream Pay-Per-View events utilizing a different production company and distribution system in violation of the Distribution Agreement on the dates detailed above as well as January 29-30, 2021;

February 13, 2021; February 20, 2021; March 6, 2021; April 8-10, 2021; May 1, 2021 and May 15, 2021 for a total of approximately thirty-six (36) events up to the date of the filing of the Complaint.

Further, Defendant breached Paragraph 4C of the Distribution Agreement by failing to provide to Plaintiff the requisite number of live stream events per month. Paragraph 4C of the Distribution Agreement states that Defendant "agrees to provide an average of one (1) live stream program per month to (Plaintiff), with the allowance that if there are no streams in any given month then (Plaintiff) shall receive two (2) live stream programs the following month."  (Doc. 1 Exhibit A pg. 15).  Since the signing of the Distribution Agreement, Defendant has provided to Plaintiff four (4) live stream events, which is less than the number required under the terms of the Distribution Agreement.   Finally, Defendant breached the Distribution Agreement by disclosing the terms of the Agreement to third parties.

### III.   <u>Standard of Review.</u>

Under Federal Rule of Civil Procedure 12(b)(6), the moving party has the burden of proving that the plaintiff has failed to state a claim.  <u>Kehr Packages, Inc. v. Fidelor, Inc.</u>, 926 F.2d 1406, 1409 (3d. Cir. 1991), <u>cert.</u> <u>denied</u>, 501 U.S. 1222 (1991).  Dismissal of a complaint is appropriate only if, accepting as true all of the facts alleged in the complaint, that the plaintiff has not pleaded enough facts to state a claim for relief that is plausible on its face.  <u>Bell Atlantic Corporation v.</u>

Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. at 678.  Thus, "[w]hen there are

well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief."  Id., 556

U.S. at 679.

**IV.  Argument.**

    **a.  Breach of Contract.**

The Defendant argues that Plaintiff is barred from recovering damages because

of Paragraph 11C of the Distribution Agreement. However, Paragraph 11C does

not exclude expectation damages or specific performance/enforcement of the

contract.  Paragraph 11C states "neither party shall be liable to the other for any

indirect, special, consequential or punitive dames, including loss of profits,

revenue, data or use incurred by any party."  There is no mention of expectation

damages or specific performance of the contract.  Therefore, paragraph 11C does

not prohibit Plaintiff from seeking to enforce the terms of the Distribution

Agreement or receive expectation damages in the form of lost revenue based on

Defendant's breach of the Distribution Agreement.  Limitation on damages clause

must be construed strictly and the contract must state the intention of the parties

<center>5</center>

with the greatest particularity. Furthermore, any ambiguity must be construed against the party seeking immunity.  Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 202 (3d Cir. 1995)

In general, contract law espouses three distinct, yet equally important, theories of damages to remedy a breach of contract: "expectation" damages, "reliance" damages, and "restitution" damages. *See Trosky v. Civil Serv. Comm'n,* 539 Pa. 356, 652 A.2d 813, 817 (1995); Restatement, supra, § 344. The preferred basis of contract damages seeks to protect an injured party's "expectation interest"—that is, the interest in having the benefit of the bargain— and accordingly awards damages designed to place the aggrieved in as good a position as would have occurred had the contract been performed. ATACS Corp. v. Trans World Commc'ns, Inc., 155 F.3d 659, 669 (3d Cir. 1998).

"Expectation damages are measured by 'the losses caused and gains prevented by defendant's breach, to the extent that are in excess of any savings made possible by nonperformance.' *American Air Filter Co. v. McNichol,* 527 F.2d 1297, 1299 (3d Cir.1975) (citations omitted)" Id.

Based on a  strict reading of Paragraph 11C, the Defendant's argument must fail and the motion to dismiss should be denied.  Alternatively, the Plaintiff should be granted leave to amended the complaint to plead alternative available forms of damages, including specific performance and injunctive relief.

6

With regard to Defendant's argument that Plaintiff has not plead damages with specificity. Again if this Court finds merit, to this argument Plaintiff should be allowed to amended the complaint. However, Plaintiff has meet the federal pleading requirements and properly alleged damages for this stage of the litigation. Plaintiff's monetary damages can only be calculated once Discovery is conducted regarding the revenue generate and costs associated with the Pay-Per-View events and productions put on by Defendant in breach of the Distribution Agreement. Once that accounting occurs Plaintiff can fully plead its expectation damages. (T)here is no rule requiring the claimant to specify items of general damage, and a claim is sufficient if it sets forth a claim for a lump sum. In re Rec. Club of Am., Inc., 17 B.R. 755, 756 (Bankr. M.D. Pa. 1982).

### B. Breach of Confidentiality.

Under Fed. R.C.P. 12(b)(6), the Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Plaintiffs must nudge "their claims across the line from conceivable to plausible …." Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

2521005.2

'give the defendant fair notice of what the ... claim is and the grounds upon which it rests ….'" Id.

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept the material allegations in the complaint as true." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.

"It is important to recognize the difference between disposing of a case on a 12(b)(6) motion and resolving the case later in the proceedings, for example by summary judgment." Id. "At the 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.'" Id. Defendant has argued that the breach of confidentiality allegations in the Complaint is insufficiently plead because it does not plead additional facts, fails to allege an independent claim for damages and cannot constitute a breach of the contract because the only allegation is a disclosure of the contract. The Defendant's argument ignores the fact that federal law only requires a short and plain statement of the claim. The allegations in the complaint are sufficient to put the Defendant on notice of the claim and meets the pleading requirements.

8

Further, Discovery is necessary on this point because information relating to what the Defendant disclosed and to who is not readily available to the Plaintiff. Further, the allegations of damages are cumulative based on the actions of the Defendant.

Finally, the disclosure of the Distribution Agreement includes the disclosure of the exhibits to the Agreement, which contain pricing and profit sharing information. This information is unique to the Plaintiff and Defendants relationship, confidential and not available to the general public. Therefore the disclosure of this information is a breach of the confidentiality provision. The allegations contained in the Complaint sufficiently plead a cause of action and the Defendant's motion to dismiss should be denied in its entirety.

### C.  Detrimental Reliance

As stated previously, the Complaint meets the federal pleading standard with regard to the claim for detrimental reliance. The information plead is sufficient to make a claim for detrimental reliance and the Motion to Dismiss should be denied in its entirety.

### V.    <u>Conclusion.</u>

For the above stated reasons the Defendant's motion to dismiss should be denied in its entirety. However should this Court grant the motion the Plaintiff should be

9

2521005.2

allowed leave to amend the Complaint.  See Alston v. Parker, 363 F.3d 229, 235 (3d. Cir. 2004).

<div style="margin-left: 40%;">

Respectfully Submitted
**HOURIGAN, KLUGER & QUINN, P.C.**


By:   /S/ LARS H. ANDERSON
      Lars H. Anderson, Esq.
      I.D. No.: 209106
      Counsel for Plaintiff
      Idependentwrestling.tv, LLC

</div>

600 Third Avenue
Kingston, PA 18704
(570) 287 300 (telephone)
570 287 8005 (facsimile)
landerson@hkqlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify I served a true and correct copy of the Agreed Motion to Extend Time to Respond to Motion to Dismiss was served upon counsel of record via ECF filing system.

**HOURIGAN, KLUGER & QUINN, P.C.**

By:     <u>/S/ LARS H. ANDERSON</u>
Lars H. Anderson, Esq.
I.D. No.: 209106

2521005.2